Nina Marino (CA SBN 142815)
marino@kaplanmarino.com
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046
*Attorney for Defendant*
*Dennis Kuniyuki Mitsunaga*

Birney B. Bervar (HI SBN 005482)
bbb@bevar-jones.com
Bervar & Jones
1100 Alakea Street, 20th Floor
Honolulu, HI 96813
*Attorney for Defendant*
*Keith Mitsuyoshi Kaneshiro*

Doris Lum (HI SBN 008365)
doris@dorislumlaw.com
Law Office of Doris Lum, LLC
1001 Bishop Street, Suite 710
Honolulu, HI 96813
*Attorney for Defendant*
*Terri Ann Otani*

Andrew M. Kennedy (HI SBN 009734)
Andrew@kona-lawyer.com
Schlueter Kwiat & Kennedy LLP
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740
*Attorney for Defendant*
*Aaron Shunichi Fujii*

Thomas M. Otake (HI SBN 007622)
thomas@otakelaw.com
Thomas M. Otake AAL, ALC
851 Fort Street Mall, Suite 400
Honolulu, HI 96813
*Attorney for Defendant*
*Chad Michael McDonald*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Feb 12, 2024, 12:00 pm
Lucy H. Carrillo, Clerk of Court

UNSEALED BY ORDER OF THE COURT
DATE: 2/17/2026, ECF No. 5,
         MC 26-00010 SASP-KJM

# SEALED

BY ORDER OF THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br>                    Defendants. | Case No. CR-22-00048-TMB-NC<br><br>**DEFENDANTS' UNDER SEAL RESPONSE IN OPPOSITION TO DEFENDANT SHERI J. TANAKA'S SEALED MOTION TO CONTINUE TRIAL DATE;**<br><br>Judge: Hon. Timothy M. Burgess<br>Trial Date: March 12, 2024 |

1

# DEFENDANTS' RESPONSE IN OPPOSITION

Defendants Keith M. Kaneshiro, Dennis K. Mitsunaga, Terri A. Otani, Aaron S. Fujii, and Chad M. McDonald (the "five other Defendants") oppose Defendant Sheri J. Tanaka's Sealed Motion to Continue Trial Date, filed under seal on February 5, 2024 ("Tanaka's Motion") (ECF No. 397) for the reasons articulated below. To the extent Defendant Tanaka seeks to sever from the five other Defendants and continue her own trial, the five other Defendants have no objection and have filed a separate Joinder to Defendant Tanaka's Motion to Sever Trial from Co-Defendants. (ECF No. 398) The five other Defendants strongly believe severance is the proper relief under the circumstances.

## I.   INTRODUCTION

As this Court was made aware in the government's Notice Regarding Defendant Sheri Jean Tanaka, filed under seal on January 25, 2024, (the "Notice"), and Tanaka's Motion, the government is currently investigating whether Tanaka "engaged in acts threatening the safety of the former judge in this case and a special attorney prosecuting the matter" (the "Alleged Tanaka Conduct"). ECF No. 356 at 2. As part of that investigation, "the government seized Ms. Tanaka's two iPhones, computer, and a USB hard drive." ECF No. 397 at 3. So far, "the government has not provided Ms. Tanaka's counsel with any further information or evidence regarding its investigation of the Alleged Tanaka Conduct, or returned her

seized devices or materials to her." *Id.* at 4. The only information currently known is that "the government may not return the seized materials until late March 2024." *Id.* Tanaka's Motion ultimately "requests a continuance to a date at least 45 days after the government returns to her all of the seized materials." *Id.* at 17. When exactly that date may be remains uncertain. The five other Defendants object to this continuance.

## II.  ARGUMENT

**A.  Law**

Courts consider four factors when determining whether to grant or deny a continuance: (1) diligence in preparing defense prior to trial; (2) likelihood that a continuance would serve a useful purpose; (3) inconvenience to the parties, the Court, or other witnesses; and (4) the extent to which denying the continuance causes harm. *See United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000); *United States v. Mejia*, 69 F.3d 309, 315-16 (9th Cir. 2000). The third factor weighs heavily against a continuance for the five other Defendants.

**B.  Continuance inconveniences the Court and the parties.**

Given that trial is scheduled to begin on March 12, 2024, a continuance for an undetermined amount of time at the eleventh hour causes serious inconvenience and prejudice to the Court and the parties. The five other Defendants also argued reasons a continuance would inconvenience the Court in their Under Seal Joinder

to Defendant Sheri J. Tanaka's Under Seal Motion to Sever Trial from Co-Defendants. Those arguments are incorporated here by reference and summarized as follows: the Court contacted over 1,000 potential jurors to complete questionnaires to determine hardship; approximately three hundred and fifty of those jurors traveled to this Court to complete questionnaires regarding their ability to serve and knowledge of the case; witnesses have been subpoenaed; attorney, witness, and court schedules have been aligned and cleared. The Court and the parties have gone to great lengths to be ready for trial.

Accordingly, the process for selecting a jury for this case is well underway. The attorneys for the Defendants have devoted a great amount of time and energy to screening two sets of juror questionnaires. The parties have worked together to agree upon strikes of jurors who are biased or otherwise unable to serve. The five other Defendants have confidence that a fair and impartial jury can be picked from the remaining panel of jurors. To lose this panel at this stage, at no fault of the five other Defendants, would be both inconvenient and unfair.

A continuance would undo all the hard work that has already gone into preparing this case for trial, greatly inconveniencing the Court and the parties and causing the five other Defendants severe economic hardship. The five other Defendants do not have unlimited resources and conflicting attorney schedules could potentially delay trial for a year or longer. To delay this trial – or worse,

argue it twice in the event of a mistrial – would be economically devastating to the five other Defendants.

### III. CONCLUSION

For the foregoing reasons, defendants Kaneshiro, Mitsunaga, Otani, Fujii, and McDonald oppose Tanaka's Sealed Motion to Continue Trial Date.

DATED: February 8, 2024

Respectfully submitted,

KAPLAN MARINO, PC

By: /s/ Nina Marino
    NINA MARINO
    Attorney for Defendant
    Dennis Kuniyuki Mitsunaga

BERVAR & JONES

By: /s/ Birney B. Bervar
    BIRNEY B. BERVAR
    Attorney for Defendant
    Keith Mitsuyoshi Kaneshiro

SCHLUETER KWIAT & KENNEDY LLP

By: /s/ Andrew M. Kennedy
    ANDREW M. KENNEDY
    Attorney for Defendant
    Aaron Shunichi Fujii

LAW OFFICE OF DORIS LUM, LLC

By: /s/ Doris Lum
    DORIS LUM
    Attorney for Defendant
    Terri Ann Otani

THOMAS M. OTAKE AAL, ALC

By: /s/ Thomas M. Otake
    THOMAS M. OTAKE
    Attorney for Defendant
    Chad Michael McDonald