IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>    v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>               Defendants. | Case No.1:22-cr-00048-TMB-NC<br><br>ORDER ON DEFENDANT TERRI ANN OTANI'S MOTION FOR DISPUTED EVIDENCE TO BE SUPPRESSED<br>**(DKT. 322)** |

On December 22, 2023, Defendant Terri Ann Otani filed a Motion for Disputed Evidence to be Suppressed, attaching a Declaration of Counsel, Memorandum in Support of Motion, Exhibits "A" – "D," and a Certificate of Service ("Motion to Suppress").[1] On January 5, 2024, the Government filed a Response in Opposition to Terri Ann Otani's Motion for Disputed Evidence to Be Suppressed ("Response").[2] For the following reasons, the Motion to Suppress is **GRANTED in part and DENIED in part.**

---

[1] Dkt. 322 (Motion to Suppress).
[2] Dkt. 325 (Response).

## I.    Background

On August 11, 2023, Otani moved to dismiss the charges against her, and in the alternative, to suppress her testimony before the grand jury from three dates: July 24, 2021, July 15, 2021and August 26, 2021.[3] On November 7, 2023, the Court held a hearing on the issue, and on December 8, 2023, it denied Otani's motion to dismiss but granted in part her alternative motion to suppress.[4]

As the Court observed, when Otani had first appeared to testify before the grand jury on May 27, 2021, she delivered a "long statement making accusations about the lead prosecutor" and then answered all fifty of the prosecutor's questions exclusively by invoking her Fifth Amendment right against self-incrimination.[5] The Government then moved to compel her testimony, and after a hearing on the issue, Judge Kobayashi issued an order on June 17, 2021, that Otani "is compelled to return to the grand jury and to answer all of the questions asked of her previously . . . on May 27, 2021."[6]

Subsequently, Otani was compelled to answer the fifty questions and refrain from asserting her Fifth Amendment privilege as to those answers or risk being held in contempt of Judge Kobayashi's order.[7] The Court further noted that in Otani's three following grand jury appearances, "the prosecution did not re-ask all of the fifty

---

[3] Dkt. 247 (Motion to Dismiss);
[4] Dkt. 315 (Order).
[5] *Id.* at 38; Dkt. 322-1 (Exhibit A).
[6] Dkt. 315 at 41.
[7] *Id.* at 45.

questions," as some "were never asked again," but some "were asked in substantially-similar form."[8] Citing the Ninth Circuit's position in *Lujan v. Garcia*[9] that statements given in violation of the Fifth Amendment must be excluded from further proceedings,[10] the Court therefore ordered "suppression of the answers to any of those fifty questions that were re-asked by the prosecution at a grand jury session (and to which there is a reasonable basis to assert a Fifth Amendment privilege."[11]

But the Court declined to suppress "answers Otani gave to any other questions that were asked at the other grand jury sessions (that is, questions other than the fifty asked on May 27, 2021)."[12] The Court rejected Otani's arguments that her answers to these questions too were compelled, or otherwise susceptible to a chilling effect or "cumulative effect of the environment" that would diminish Otani's ability to invoke the Fifth Amendment at her three subsequent grand jury appearances.[13] In fact, the Court noted, Otani did invoke the Fifth Amendment on several occasions.[14] Therefore, the Court declined to suppress any answers to other questions, and instead directed the

---

[8] *Id.* at 43–44.
[9] 734 F.3d 917 (9th Cir. 2013).
[10] *Id.* at 926–27 (citing *Harrison v. United States*, 392 U.S. 219, 222–24 (1968)).
U.S. 219, 222–24 (1968)
[11] Dkt. 315 at 45–46.
[12] *Id.* at 46.
[13] *Id.*
[14] *Id.* at 47.

parties to "meet and confer to attempt to agree on which of Otani's answers should be suppressed."[15]

The parties agreed on some redactions.[16] The parties also identified several passages upon which they could not reach agreement.[17] Now, Otani moves to suppress these disputed passages, requesting that the Court "review specific questions and answers for rulings as to whether they should be suppressed."[18] Otani argues that the disputed passages she seeks to suppress "relate to at least one of the original 50 or so questions asked" and that redaction "is in keeping with the spirit and intent of the Court's order which recognizes that there were times when Ms. Otani was properly invoking her Fifth Amendment right to remain silent."[19]

The Government disagrees, arguing that Otani's "justification for suppression . . . violates this Court's [suppression] criteria by definition" and that "Otani's motion is untethered to the Court's order."[20] Further, it posits that "it is quite implausible that Otani actually remembered any, let alone all, of the 50 questions Judge Kobayashi directed her to answer when she returned to the grand jury."[21] Rather, the

---

[15] *Id.* at 48.
[16] Dkt. 321 (United States' Notice of Proposed Grand Jury Responses for Exclusion from Case-In-Chief); *see also* Dkts. 322 at 4, 325 at 2.
[17] *See* Dkts. 322-2 (Exhibit B); 322-3 (Exhibit C); 322-4 (Exhibit D).
[18] Dkt. 322 at 4.
[19] *Id.* at 5.
[20] Dkt. 325 at 2.
[21] *Id.* at 5.

Government supposes that in Otani's subsequent grand jury appearances, she more likely "was properly guided by the *Hoffman* standard."[22] Under *Hoffman*, "as explained to Otani by Judge Kobayashi, 'it need only be evident from the implication of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.'"[23]

## II. Discussion

The Court GRANTS the suppression of the agreed-upon material identified in all Exhibits highlighted in red. Noting the Government now has "[n]o objection to suppression [of the following passage],"[24] the Court further GRANTS the suppression of material at B:22:1–2 (Exhibit B: Transcript Page 22: lines 1–2).

Further, having reviewed the briefing and Exhibits A–D, the Court concludes that certain passages of the disputed material should be suppressed. The Fifth Amendment guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." This guarantee "must be accorded liberal construction in favor of the right it was intended to secure."[25] Courts zealously "safeguard the values which underlie the [Fifth Amendment] privilege," which applies

---

[22] *Id.* at 5–6.
[23] *Id.*
[24] Dkt. 325 at 7.
[25] *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

in all proceedings and "reflects a complex of our fundamental values and aspirations, and marks an important advance in the development of our liberty."[26] Further, the Ninth Circuit has ruled that the *Hoffman* standard for determining whether compelled testimony is privileged demands that the trial judge "draw heavily upon his own experience" and "employ a large measure of his own intuition and basic legal instincts."[27] This standard thus "requires a searching consideration of the 'implications of the question, in the setting in which it is asked,' before any question can be held to be truly innocuous."[28]

The Court finds that certain passages of Otani's disputed grand jury testimony closely relate to the original fifty questions that she was compelled to answer by court order, over her invocation of her Fifth Amendment privilege. Therefore, pursuant to and consistent with the Court's direction in the December 8, 2023, Order, the Court ORDERS that the following limited portions of the disputed material shall be suppressed:

**Exhibit B: Otani Testimony, June 24, 2021**
- B:6:8–10 (Exhibit B: Transcript Page 6: lines 8–10)
- B:25:6–7
- B:35:7–14

---

[26] *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972).
[27] *Hashagen v. United States*, 283 F.2d 345, 350 (9th Cir. 1960).
[28] *Id.* (holding that court erred in compelling witness to answer seven questions over her assertion of her Fifth Amendment right against self-incrimination because the answers "might reasonably fall within the privileged 'dangers' referred to in *Hoffman*" of self-injurious disclosure).

- B:45:21–25
- B:46:1–12

### Exhibit C: Otani Testimony, July 15, 2021

- C:18:16–20
- C:20:3–4, 19–20
- C:21:19–25
- C:22:5–7
- C:26:14–16
- C:45:21–25
- C:48:3–16
- C:49:13–24
- C:55:3–7

### Exhibit D: Otani Testimony, August 26, 2021

- D:16:8–10
- D:34:21–25

To the extent that the parties seek to introduce these Exhibits at trial, these passages must be redacted.

IT IS SO ORDERED.

DATED:     February 20, 2024.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE